# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2011

No. 10-20503
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CESAR OLIVAS CASTILLO, also known as Cesar Olivas, also known as Olivas
Ricardo, also known as Cesar Olivas-Castillo,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-189-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cesar Olivas Castillo pleaded guilty to one count of illegal reentry following
deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court enhanced
Castillo's offense level, pursuant to Sentencing Guideline § 2L1.2(b)(1)(B)
(enhancement for a prior drug trafficking offense), based upon Castillo's prior
New Mexico conviction for trafficking a controlled substance by possession, with
intent to distribute, cocaine. The court imposed a 30-month sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Castillo contests that enhancement, claiming his New Mexico conviction is not a "drug trafficking offense" for § 2L1.2(b)(1)(B)'s purposes because New Mexico law allows the "intent to distribute" element to be inferred from the drug quantity involved.

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990), a district court must look to the elements of a prior offense, not the facts underlying the conviction, when classifying that offense for sentence-enhancement purposes. *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005). In a "narrow range of cases", such as when determining whether a prior conviction was a "drug trafficking offense", a district court may look beyond the elements of the offense. *Id.* (citation and internal quotation marks omitted). Even where the court looks beyond those elements, however, it is "not free to consider any facts, but may consider the statutory definition of the offense, the charging paper, and the jury instructions". *Id.* A district court may not rely solely on the presentence investigation report's characterization of the prior offense in applying an enhancement. *Id.* at 274.

In *United States v. Lopez-Salas,* 513 F.3d 174, 180 (5th Cir. 2008), our court held: to qualify as a drug-trafficking offense under the Guidelines, the relevant statute must include "intent to distribute" as an element; and, that element must be proven and not implied. Castillo's reliance on *Lopez-Salas* is misplaced, because the statute at issue includes "intent to distribute" as an

2

element of the offense that must be proven. *See* N.M. STAT. ANN. 1978 § 30-31-20(A)(3) (1978).

AFFIRMED.